**RECORD NO. 16-4187**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# LAURENTINO BENITEZ,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

————————————

**BRIEF OF APPELLANT**

————————————

**J. Edward Yeager, Jr.**
**ATTORNEY AT LAW**
**P. O. Box 1656**
**Cornelius, NC 28031**
**(704) 490-1518**

*Counsel for Appellant*

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ..................................................1

STATEMENT OF ISSUES ................................................................1

STATEMENT OF THE CASE ...........................................................1

SUMMARY OF ARGUMENTS .........................................................3

ARGUMENT ..................................................................................3

    1.    THE DISTRICT COURT ABUSED ITS DISCRETION BY
           IMPOSING A SENTENCE OF ONE HUNDRED THIRTY-
           FIVE MONTHS ........................................................................3

           STANDARD OF REVIEW ..................................................3

           DISCUSSION OF ISSUE ...................................................3

CONCLUSION ...............................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

<u>TABEL OF AUTHORITIES</u>

Page(s):

<u>CASES</u>:

*United States v. Bartram*,
   407 F.3d 307 (4th Cir. 2005) ...........................................................................3

*United States v. Booker*,
   543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ........................3, 4, 5

*United States v. Davis*,
   679 F.3d 190 (4th Cir. 2012) ...........................................................................5

*United States v. Hudson*,
   272 F.3d 260 (4th Cir. 2001) ...........................................................................3

*United States v. Kinter*,
   235 F.3d 192 (4th Cir. 2000) ...........................................................................3

*United States v. Neary*,
   183 F.3d 1196 (10th Cir. 1999) .....................................................................5, 6

<u>STATUTES</u>:

18 U.S.C. § 3553 ....................................................................................................4, 5, 6

28 U.S.C. § 1291 .........................................................................................................1

<u>RULE</u>:

Fed. R. Crim. P. Rule 11 ..............................................................................................2

<u>SENTENCING GUIDELINES</u>:

U.S.S.G. § 3E1.1(a).......................................................................................................2

U.S.S.G. § 3E1.1(b) .....................................................................................................2

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a judgment and sentence entered on April 1, 2016 against the defendant-appellant, Laurentino Benitez.  (JA 63).  Mr. Benitez filed timely notice of appeal on April 5, 2016.  (JA 69).  This court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING A SENTENCE OF 135 MONTHS.

## STATEMENT OF THE CASE

This appeal arises following a judgment imposed on Laurentino Benitez in the Western District of North Carolina.  Between 2013 and May 2015, Mr. Benitez and others conspired to possess with the intent to distribute one or more controlled substances.  (JA 80).  The drugs were brought into the country through various methods – including concealed in vehicles and in electronic goods – to Mr. Benitez who then distributed them to other members of the conspiracy.  Mr. Benitez and the government stipulated that the amount reasonably foreseeable to him was at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine.

The government filed a one-count Information on October 14, 2015 charging Mr. Benitez with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Heroin and Marijuana.  (JA 7).  Mr. Benitez waived indictment on October 23, 2015.  (JA 11).  He entered a plea of guilty pursuant to a written plea

agreement on October 23, 2015.  (JA 71).  Magistrate Judge David Keesler

accepted Mr. Benitez' guilty plea and conducted the Rule 11 hearing.  (JA 12).

      The case came on for a sentencing hearing on March 16, 2016 with Judge

Max O. Cogburn presiding.  (JA 20).  Mr. Benitez reaffirmed his plea of guilty.

(JA 22).  The defense sought a reduced sentence and presented extensive evidence

of Mr. Benitez' character and working history.  A number of family members

spoke regarding the assistance Mr. Benitez had provided them and the scope of his

legitimate business interests in the community.  Mr. Benitez also spoke to the

court.  He acknowledged his guilt.  (JA 42).  Since being arrested he had

participated in AA and NA meeting and multiple other educational opportunities in

the jail.  That information was also presented to the court.  (JA 34).

      In the presentence investigation report the probation officer calculated a base

offense level of 32 with a two-point enhancement for having multiple firearms and

a two-point enhancement for his role in the offense.  Three points were reduced for

acceptance of responsibility – two pursuant to U.S.S.G. § 3E1.1(a) and one for

U.S.S.G. § 3E1.1(b).  (JA 81).  Based on these calculations, the guidelines range

was 135 months to 168 months.  Judge Cogburn imposed a sentence of 135 months

to be followed by four years of supervised release.  (JA 63).  Mr. Benitez entered

Notice of Appeal on April 5, 2016.  (JA 69).

## SUMMARY OF ARGUMENTS

The sentence imposed, although within the guidelines' range, was excessive given the clear and unrebutted evidence of Mr. Benitez' community and family support and propensity for rehabilitation.

## ARGUMENT

1.    THE DISTRICT COURT ABUSED ITS DISCRETION BY IMPOSING A SENTENCE OF ONE HUNDRED THIRTY-FIVE MONTHS.

### STANDARD OF REVIEW

The Standard of Review in reviewing the district court's entry of a sentence is twofold.  The district court's factual findings are reviewed for clear error but review is *de novo* with respect to legal interpretations of the Sentencing Guidelines.  *United States v. Hudson*, 272 F.3d 260 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000).

This Court reviews sentencing decisions for unreasonableness.  *United States v. Bartram*, 407 F.3d 307 (4th Cir. 2005), *citing*, *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

### DISCUSSION OF ISSUE

Mr. Benitez' guilt was not in doubt.  He acknowledged it early and consistently.  The only issue presented to the district court was the appropriate sentence.  The parties agreed with the probation officer's calculation of a guidelines range of 135 months to 168 months.  (JA 94).  However, the defense

3

rightfully raised a question of whether even a minimum sentence was appropriate under *Booker*, *supra*, or 18 U.S.C. § 3553. Mr. Heroy noted that Mr. Benitez has six children, almost all of which were in court. (JA 29). He built very successful legitimate businesses. (JA 30). His brother, Raunel Benitez, owner of Waterproofing Specialties, guaranteed Mr. Benitez employment and health insurance following his release. (JA 39). Most importantly, Mr. Benitez had availed himself of many opportunities for reform while incarcerated and presented himself to the court as a person who was an outstanding candidate for rehabilitation and a successful life contributing to his family and society if he were released while still relatively young.

The district court agreed that "[t]his is a hard case. Great family, obviously. A great family." (JA 53). The court noted all of the factors in 18 U.S.C. § 3553 "that are important in this case are respect for the law, provide just punishment, seriousness of the offense, very serious offense, and the individual things with regard to the defendant, some of which are bad, and that he led this organization and did a lot of stuff." (JA 54).

Despite recognizing the several factors, however, the court then placed all of its emphasis on the single factor of deterrence. "I'm not so worried about this defendant - - protecting the public from this defendant because I don't think this

4

defendant will reoffend in the same way. But there has to be deterrence to others who might think that this is a good idea." (JA 54).

The sentencing guidelines were declared "effectively advisory" by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In addition to the guidelines, the court must demonstrate some consideration for the sentencing factors in 18 U.S.C. § 3553 which require that the district court not impose a sentence which is greater than necessary to comply with the purposes listed.

The district court here noted all of the sentencing factors; however, the court erred in placing such overwhelming emphasis on one single factor. This is not to say that the court erred in considering all of the factors. This Court has clearly ruled that the court can "use its discretion in balancing the sentencing factors to determine an appropriate sentence." *United States v. Davis*, 679 F.3d 190, 196 (4th Cir. 2012).

In *Davis*, the Court considered an appeal from the district court's determination that the defendant's substantial assistance was only one factor to weigh against the nature of his conviction, his criminal history, and a prior reduction. The Court noted that "'[A] district court's consideration of relevant factors other than a defendant's substantial assistance to the government is a proper exercise of discretion.'" *Id*. at 197, *quoting*, *United States v. Neary*, 183 F.3d

5

1196, 1197-98 (10th Cir. 1999). In affirming the order, the *Davis* Court held that "[i]mposing appropriate sentences requires that courts be able to balance all relevant sentencing factors when determining a defendant's actual sentence reduction." *Id.*

The same requirement should apply in fashioning any sentence. Admittedly, circumstances will bring different sentencing factors to the forefront. However, it is unreasonable for a court to consider one factor to the derogation of all others to justify imposing a significant sentence upon a defendant. That is what happened in the case at bar. The district court acknowledged Mr. Benitez' family and his positive contributions. The court even admitted that he was not likely to reoffend. Ultimately though the court grounded the entire sentence upon sending a message to others. This violated the requirements of 18 U.S.C. § 3553 that the court not impose a sentence that is greater than necessary to comply with the requirements listed therein. Those requirements are broader than just sending a message. As such, the district court abused its discretion in fashioning an appropriate sentence. The judgment should be vacated and the matter referred back for new proceedings.

<u>CONCLUSION</u>

The district court abused its discretion by imposing this sentence.  Mr.

Benitez respectfully requests that this court vacate the judgment and remand the

matter for further proceedings.

RESPECTFULLY SUBMITTED
LAURENTINO BENITEZ


<u>/s/ J. Edward Yeager, Jr.</u>
J. Edward Yeager, Jr.
Attorney at Law
P. O. Box 1656
Cornelius, NC  28031
(704) 490-1518
yeager@ncappeals.net

Counsel for Appellant

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

      this brief contains <u>1,344</u> words, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      this brief has been prepared in a proportional spaced typeface using
<u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: June 21, 2016          <u>/s/ J. Edward Yeager, Jr.</u>
                             J. Edward Yeager, Jr.

                             *Counsel for Appellant*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on June 21, 2016, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to all registered CM/ECF users:

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218
(804) 249-7770